**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4393**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELSA G. MONTECINOS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (3:08-cr-00590-CMC-17)

Submitted:  October 28, 2011          Decided:  November 18, 2011

Before WILKINSON, MOTZ, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Guy J. Vitetta, Charleston, South Carolina, for Appellant.  Mark C. Moore, Stanley Duane Ragsdale, Assistant United States Attorneys, James Chris Leventis, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Elsa G. Montecinos of conspiracy to possess with intent to distribute and to distribute cocaine, cocaine base, and marijuana, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(D), 846 (2006), and conspiracy to commit money laundering, 18 U.S.C. § 1956(h) (2006). The district court granted her motion for a downward variance and sentenced her to 160 months' imprisonment. On appeal, Montecinos' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that he has found no meritorious issues for appeal, but questioning whether the sentencing court erred in basing its factual findings regarding drug quantity on acquitted conduct, causing Montecinos' offense level to exceed that which was authorized by the jury's verdict. Although advised of her right to file a pro se supplemental brief, Montecinos has not done so. The Government declined to file a response. We affirm.

Montecinos argues the district court's factual finding of drug quantity attributable to her based on acquitted conduct increased her sentence beyond that which was authorized by the jury's verdict, in violation of her Fifth and Sixth Amendment rights. "Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as

2

advisory and falls within the statutory maximum authorized by the jury's verdict." United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008); see also United States v. Perry, 560 F.3d 246, 258–59 (4th Cir. 2009) ("It has long been established that sentencing courts may consider acquitted conduct in establishing drug amounts for the purpose of sentencing, so long as the amounts are established by a preponderance of the evidence."). Here, the district court treated the Guidelines as advisory; Montecinos was sentenced within the statutory maximum authorized by the jury's verdict; and the district court's findings were supported by a preponderance of the evidence. Accordingly, we reject this argument.

In accordance with Anders, we have reviewed the entire record in this case and conclude there are no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Montecinos, in writing, of the right to petition the Supreme Court of the United States for further review. If Montecinos requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Montecinos. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED